IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE CLYDE BURLESON,

    Petitioner,    No. CIV-S-03-1249 GEB KJM P

    vs.

DIRECTOR, CALIFORNIA
DEPARTMENT OF CORRECTIONS,

    Respondent.    <u>FINDINGS AND RECOMMENDATIONS</u>

        Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently serving a sentence of fifteen-years-to-life imprisonment, plus ten years, in the California Department of Corrections. Petitioner challenges the loss of good conduct sentence credit. Respondent argues, among other things, that petitioner's habeas action is time-barred.

        The Antiterrorism and Effective Death Penalty Act (AEDPA) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

1

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  With respect to prison disciplinary proceedings, the limitations period generally begins to run under § 2244(d)(1)(D) when the administrative process concerning the disciplinary proceedings is complete.  <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th Cir. 2004).

In this case, petitioner's disciplinary hearing was held on November 23, 1989.  Answer, Ex. B.  As a result of the hearing, petitioner lost 360 days of good conduct sentence credit.  <u>Id</u>.  At the hearing, petitioner was advised of his right to appeal the decision of the hearing officer.  <u>Id</u>.  However, petitioner did not file an appeal until November 17, 2001.  Answer, Ex. C.  On March 4, 2002, petitioner was informed that his appeal would not be heard because it was untimely.  Answer, Ex. D.

The limitations period applicable to this action was not enacted until April 24, 1996 and the earliest the limitations period could have begun to run would have been the next day.  See <u>Calderon v. United States District Court  (Beeler)</u>, 128 F.3d 1283, 1286-87 (9th Cir. 1997).  Thus, the limitations period began to run on April 25, 1996 and ran out one year later.

In response to respondent's showing, petitioner fails to argue that administrative review was not complete in 1989 nor does petitioner provide any justification for failing to file his appeal in a timely manner, or for waiting approximately twelve years to finally file an appeal, or for not filing this action before the AEDPA cutoff of April 24, 1997.  Rather, he concedes that his filing was "late."  Traverse at 4.  Based on the foregoing, and because petitioner fails to

1 present anything suggesting that the limitations period should be deemed tolled during the time
2 in which it ran, the court will recommend that petitioner's application for writ of habeas corpus
3 be dismissed. For these reasons, the court need not reach the other arguments presented in
4 respondent's answer.

5       Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a
6 writ of habeas corpus be dismissed.

7       These findings and recommendations are submitted to the United States District
8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties. Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
12 shall be served and filed within ten days after service of the objections. The parties are advised
13 that failure to file objections within the specified time may waive the right to appeal the District
14 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15 DATED: May 18, 2006.

                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] burl1249.157